IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. CIV-07-1199-D |
| GLORIA THURMAN JOHNSON, *et al.*, | ) ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Defendant Gloria Thurman Johnson's Motion for Summary Judgment,
which seeks a judgment as a matter of law pursuant to Fed. R. Civ. P. 56 and LCvR56.1 against
Defendants Cynthia Shelton and Tony Gildon on her claim to the interpled funds. There has been
no timely response from any party. Therefore, in the exercise of the Court's discretion, the Motion
is deemed confessed pursuant to LCvR7.1(g), and all material facts set forth in the Motion are
deemed admitted pursuant to LCvR56.1(c). Nevertheless, the Court has a duty to make the specific
determinations required by Rule 56(c) and may not simply grant a summary judgment by confession.
*See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); *Murray v. City of Tahlequah*, 312
F.3d 1196, 1200 (10th Cir. 2002).

### A.    Standard of Decision

Summary judgment is appropriate if the pleadings, affidavits, and discovery materials on file
"show that there is no genuine issue as to any material fact and that the moving party is entitled to
a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is essential to the
proper disposition of a claim under controlling law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248 (1986). An issue is genuine if the evidence is such that a rational trier of fact could resolve the

issue either way.  *See id.*  All facts and inferences must be viewed in the light most favorable to the non-moving party.  *Id*. at 255.  The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting the judgment sought.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B.      Statement of Undisputed Facts[1]

Henry A. Johnson died in Comanche County, Oklahoma, on June 23, 2006, while insured under a group life insurance policy issued to his employer, Dunavant Enterprises, Inc. ("Dunavant") by Plaintiff Unum Life Insurance Company of America ("UNUM").  The policy was effective September 1, 1997, and amended May 1, 2003.  At the time of his death, the decedent was married to Defendant Gloria Johnson, whom he married on August 18, 2005.  On June 19, 2006, Defendant Johnson executed a life/accidental death beneficiary card on Mr. Johnson's behalf that named her as the sole beneficiary.

The decedent was previously married to Defendant Shelton.  During their marriage, he executed a group enrollment form for employee life insurance and long term disability on May 29, 1991, listing Defendant Shelton as the primary beneficiary and Defendant Gildon as the secondary beneficiary.  This marriage ended with a divorce decree issued October 27, 1992.  There were no children born of the marriage.

Dunavant paid the proceeds of the decedent's employee profit sharing plan to Defendant Johnson as the surviving spouse.  Dunavant timely submitted a life insurance claim to UNUM with supporting documents that included copies of Mr. Johnson's death certificate, 1991 group enrollment form, divorce decree, 2006 beneficiary card, and earnings statements.  The group

---

[1]  The Court includes in this statement only facts that are properly supported in the manner required by Fed. R. Civ. P. 56 and LCvR56.1(b).

insurance policy provides as follows concerning the designation of a beneficiary and payment of a

death benefit:

> At the time you become insured, you should name a beneficiary on your enrollment form for your death benefits under your life insurance.  You may change your beneficiary at any time by filing a form approved by Unum with your Employer.  The new beneficiary designation will be effective as of the date you sign that form.  . . .
>
> It is important that you name a beneficiary and keep your designation current.  If more than one beneficiary is named and you do not designate their order or share of payments, the beneficiaries will share equally.  The share of a beneficiary who dies before you, or the share of a beneficiary who is disqualified, will pass to any surviving beneficiaries in the order you designated.
>
> If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to your estate.  Instead of making a death payment to your estate, Unum has the right to make payment to the first surviving family members of the family members in the order listed below:
>
> - spouse;
> - child or children
> - mother or father; or
> - sisters or brothers.

*See* Def.'s Mot. Summ. J., Ex. 3 ("Policy") at LIFE-CLM-2 [Doc. 26-4 at 9].  "You" is defined to

mean "an employee who is eligible for Unum coverage."  *See* Policy, GLOSSARY-4 [Doc. 26-4

at 50].

UNUM initiated this interpleader action to resolve a question of entitlement to the proceeds

of a life insurance policy.  UNUM paid the full amount of the proceeds into the court registry, and

obtained a discharge of liability and dismissal from the case.  Defendant Tony Gildon is in default.

Defendant Cynthia Shelton answered by submitting a *pro se* claim to the money, but she failed to

appear for the scheduling conference and has not otherwise participated in the case.

C.     **Defendant's Motion for Summary Judgment**:

Defendant Johnson seeks summary judgment in her favor on the ground that the beneficiary form executed by the decedent in 1991 has no application to the subject insurance policy issued six years later in 1997.  Defendant Johnson also contends that, if the prior designation of Defendant Shelton was otherwise effective, it was revoked by operation of Okla. Stat. tit. 15, § 178, which requires that a former spouse be treated as though she predeceased the insured for purposes of a life insurance policy.  Defendant Johnson acknowledges, however, that this statute may be preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1000 *et seq*. Defendant Johnson argues that as the decedent's surviving spouse, she is the person entitled to receive the policy proceeds under the terms of the life insurance policy.

D.     **Analysis**

Both the undisputed facts and the group insurance policy make clear that Mr. Johnson's life insurance coverage was part of an employee welfare benefit plan governed by ERISA.  The law is equally clear that the designation of beneficiaries under an ERISA plan is governed by federal law, and any state law on the subject, including Okla. Stat. tit. 15, § 178, is preempted.  *See Metropolitan Life Ins. Co. v. Hanslip*, 939 F.2d 904, 907 (10th Cir. 1991); *see also Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001) (finding similar Washington statute preempted).

Under ERISA, a beneficiary's right to receive life insurance benefits must be determined "in accordance with the documents and instruments governing the plan " unless the plan administrator receives notice of a qualified domestic relations order as defined by ERISA.  *See Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1121 (10th Cir. 1991) (quoting 29 U.S.C. § 1104(a)(1)(D)).  In deciding whether benefits are due under the terms of a plan, federal courts

4

"apply general principles of contract construction."  *Deboard v. Sunshine Min. and Refining Co.*,

208 F.3d 1228, 1240 (10th Cir. 2000).

> In particular, the Supreme Court has directed us to interpret an ERISA plan like any
> contract, by examining its language and determining the intent of the parties to the
> contract.  If we determine the plan language is ambiguous, we may look at extrinsic
> evidence.

*Id.* (internal quotations omitted).

In this case, the divorce decree is not a qualified domestic relations order within the meaning

of 29 U.S.C. § 1056(d)(3).[2]  Therefore, a determination of the correct beneficiary is controlled by

the terms of the plan.  The pertinent language of the ERISA plan – the Policy provision regarding

beneficiary designation – permits the employee to name a beneficiary on an enrollment form "[a]t

the time you become insured" and to name a different beneficiary at any time by submitting an

approved form.  *See* Policy, LIFE-CLM-2 [Doc. 26-4 at 9].  Neither the documents submitted by

Defendant Johnson in support of her Motion nor the documents submitted by Dunavant in support

of the decedent's life insurance claim contain an enrollment form completed by the decedent at the

time he became insured under the Policy.  The plan document plainly shows the effective date of

coverage was September 1, 1997.  *See* Policy, C.FP-1, B@G-LIFE-1 [Doc. 26-4 at 2,4].  The

designation made by the decedent when he completed a group enrollment form for employee life

insurance and long term disability in 1991 indicates that it was made "[p]ursuant to the provisions

of the plan" and designated beneficiaries "of any benefit payable under the plan " then in effect.  *See*

Def.'s Mot. Summ. J., Ex. 5 [Doc. 26-6].

---

[2]  The divorce decree contains no reference to employee benefits that might be viewed as a
waiver of Defendant Shelton's interest as a designated beneficiary.  *See* <u>Melton v. Melton</u>, 324 F.3d
941, 945 (7th Cir. 2003); <u>*Manning v. Hayes*</u>, 212 F.3d 866, 874-75 (5th Cir. 2000).

The record also lacks any document that would satisfy the provision for naming a beneficiary at a later time.  The Policy states that if an eligible employee files a Unum-approved form with Dunavant, the "new beneficiary designation will be effective as of the date [the employee] signs the form."  *See* Policy, LIFE-CLM-2 [Doc. 26-4 at 9].   Assuming the "Life/Accidental Death Beneficiary Card" submitted as Exhibit 6 to Defendant's Motion is such a form, it was signed by Defendant Johnson rather than the decedent, and her Motion contains no properly supported fact showing her authorization to sign the form on his behalf.[3]

Thus, the present record is inadequate to permit a finding that Mr. Johnson named a beneficiary of his life insurance under the Policy.  Absent an effective designation, the default provision of the Policy would apply.  This provision states that when no beneficiary is named, the decedent's "death benefit will be paid to [his] estate."  *See* Policy, LIFE-CLM-2 [Doc. 26-4 at 9]. Defendant Johnson presents no facts concerning the decedent's estate, whether property of the estate would pass by intestate succession or by will, or concerning any probate proceeding.  In her Answer, Defendant Johnson did not purport to assert any claim as the personal representative of the estate. In her brief, Defendant Johnson appears to rely on a provision of the Policy that gave UNUM the right to make a payment to the first surviving family members "[i]nstead of making a death payment to your estate."  *See* Def.'s Mot. Summ. J. [Doc. No. 26] at 11 (quoting Policy, LIFE-CLM-2 [Doc. 26-4 at 9]).  However, UNUM chose not to exercise this right and, instead, elected to initiate this interpleader action.  Thus, this alternate provision is inapplicable.

---

[3] Defendant Johnson simply states in her brief, without any citation to the record, that this designation "was made at the Decedent's request and acquiescence."  *See* Def.'s Mot. Summ. J. [Doc. 26] at 5.

**CONCLUSION**

For these reasons, on the record presented, the Court finds that Defendant Johnson has failed to establish that she is entitled to a judgment as a matter of law on her claim to the decedent's insurance policy proceeds.

IT IS THEREFORE ORDERED that Defendant Gloria Thurman Johnson's Motion for Summary Judgment [Doc. No. 26] is DENIED.

IT IS SO ORDERED this 11th day of July, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE